**SENECA BEVERAGE CORPORATION, Plaintiff–Appellant,**

v.

**HEALTHNOW NEW YORK, INC.,** RMTS Associations, LLC, and Trustmark Ins. Co., Defendants–Appellees.

No. 05–4594–cv.

United States Court of Appeals, Second Circuit.

Sept. 26, 2006.

Scott D. Moore, Moore, Woodhouse and Pawlak LLP, Elmira, NY, for Appellant.

Michael P. McClaren, Webster Szanyi LLP (Jeremy A. Colby, on the brief), Buffalo, NY, for Appellees.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROGER J. MINER and Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Seneca Beverage Corporation ("Seneca") appeals the judgment of the District Court for the Western District of New York (Charles J. Siragusa *Judge*), granting summary judgment in favor of defendant HealthNow New York, Inc. ("HealthNow") and dismissing Seneca's claims under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et. seq.*, and for breach of contract. For the following reasons, we affirm the District Court's dismissal of Seneca's ERISA claim, but we reverse and remand for further proceedings with respect to the District Court's dismissal of Seneca's contract claim.

We assume the parties' familiarity with the facts and arguments on appeal. Briefly stated, the facts are as follows. Seneca entered into an Administrative Services Agreement ("ASA") with HealthNow, pursuant to which HealthNow would act as claims processor for Seneca's self-insured health plan. At the same time, Seneca, apparently acting on HealthNow's advice, entered into a stop-loss insurance contract ("the Stop Loss Contract") with a third party, Trustmark Ins. Co. ("Trustmark"), pursuant to which Trustmark would cover extraordinary medical expenses incurred by Seneca's employees. HealthNow was not a party to the Stop–Loss Contract.

The ASA places the duty of providing Trustmark with "accurate information required or necessary for the underwriting of any [stop-loss] insurance" on Seneca. The Stop Loss Contract, however, states that HealthNow would provide Trustmark with the information it required. Seneca claims to have understood that HealthNow had assumed the obligation of notifying Trustmark; HealthNow denies that it assumed any such obligation. When an employee of Seneca was hospitalized for cancer treatment, Seneca asked HealthNow to submit a stop-loss claim to Trustmark, and HealthNow did so. Trustmark denied the claim because it had not timely been reported. Seneca brought suit alleging violations of ERISA and breach of contract. The District Court denied Seneca's request for discovery pursuant to Federal Rule of Civil Procedure 56(f), and granted summary judgment for HealthNow without discovery.

We review the District Court's grant of summary judgment de novo. *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir.2004). "To justify summary judgment, the defendants must show that 'there is no genuine issue as to any material fact' and that they are 'entitled to a judgment as a matter of law.'" *Id.* (quoting Fed.R.Civ.P. 56(c)). We resolve all ambiguities, and credit all rational factual inferences, in favor of the non-moving party. *Id.*

"Fed.R.Civ.P. 56(f) provides, as interpreted by court opinions, that when a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportuni-

ty to take discovery and rebut the motion." *Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 386 (2d Cir.2001). "[O]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Trammell v. Keane*, 338 F.3d 155, 161 n. 2 (2d Cir.2003); *accord Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir.1989) ("Under Rule 56(f), summary judgment may be inappropriate where the party opposing it shows ... that he cannot at the time present facts essential to justify his opposition. The nonmoving party should not be 'railroaded' into his offer of proof in opposition to summary judgment. The nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment." (internal quotations and citations omitted)).

However, the party opposing summary judgment is not automatically entitled to discovery; to be entitled to discovery under Rule 56(f), "a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Gualandi v. Adams*, 385 F.3d 236, 244–245 (2d Cir.2004) (citations omitted). "Even where a Rule 56(f) motion is properly supported, a district court may refuse to allow additional discovery if it deems the request to be based on speculation as to what potentially could be discovered"—that is, a mere fishing expedition. *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos.*, 265 F.3d 97, 117 (2d Cir.2001). We review the District Court's denial of discovery under the abuse of discretion standard. *Id.*

■ We think that the District Court appropriately dismissed Seneca's ERISA claim. Seneca never clearly identified any particular provision of ERISA under which it claimed relief, and we can see no provision under which it can prevail.

Section 502 of ERISA authorizes civil suits by beneficiaries or participants for a number of specific forms of relief, none of which are applicable here. Section 502(a)(2) of ERISA allows plan participants and beneficiaries to bring actions against plan fiduciaries for breaches of fiduciary duty. But such claims may not be made for individual relief, but instead are "brought in a representative capacity on behalf of the plan." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n. 9, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985); *see also Lee v. Burkhart*, 991 F.2d 1004, 1009 (2d Cir.1993) (concluding that *Russell* "bars plaintiffs from suing under [s]ection 502(a)(2) because plaintiffs are seeking damages on their own behalf, not on behalf of the Plan"). Section 502(a)(3) of ERISA permits a beneficiary or participant to sue a plan fiduciary to obtain "appropriate equitable relief" to remedy violations of ERISA. In *Burkhart*, 991 F.2d at 1011, we held that this section does not allow a suit for money damages.

Seneca alleges no facts to show that it (Seneca) is a plan participant or beneficiary, and it seeks monetary damages on its own behalf for its own out-of-pocket loss. *Russell* and *Burkhart* therefore bar any possible claim under either § 502(a)(2) or (3); and, as we have recently held, "the limited text of ERISA's civil remedies is inconsistent with judicial discovery of new liabilities." *Gerosa v. Savasta & Co.*, 329 F.3d 317, 323 n. 6 (2d Cir.2003). We therefore affirm the District Court's dismissal of Seneca's ERISA claim. However, we find that the District Court erred in granting summary judgment on the contract claim in the absence of discovery.

As the District Court observed, Health-Now was not a party to the Stop–Loss Contract, and the ASA, to which Health-Now was a party, clearly places the burden of notification on Seneca. Moreover, both the Stop–Loss Contract and the ASA contain provisions prohibiting oral modification. Notwithstanding those provisions, Seneca argues that HealthNow, through oral statements or through conduct, modified the parties' contractual relationship so as to assume that obligation. The District Court concluded that "neither [contract] *could* be orally modified." *Seneca Bev. Corp. v. HealthNow N.Y., Inc.,* 383 F.Supp.2d 413, 421 (S.D.N.Y.2005) (emphasis added). This is an over-broad statement of New York law. It is true that New York generally "does not permit oral modification when the original written agreement provides that modifications must be in writing and signed." *John Street Leasehold LLC v. FDIC,* 196 F.3d 379, 382 (2d Cir.1999). However, "even where it is provided that modifications must be in writing and signed, New York will enforce oral modifications in two circumstances—where there has been (1) partial performance or (2) reliance—but only where the subsequent performance or reliance is unequivocally referable to the modification." *Id.* (internal quotation and citation omitted).

Assuming *arguendo* that oral modification of the contracts was possible, and reasoning that if any such oral statement had been made, it would have been within Seneca's knowledge, the District Court asked Seneca's counsel to produce an affidavit testifying to the existence of such a statement. Seneca produced three affidavits. The District Court found these affidavits insufficient to show the existence of a genuine issue of fact on this point, and granted summary judgment accordingly.

■ We think that Seneca met its burden under Rule 56(f). Seneca employee Debra Maurey testified to the existence of negotiations between Seneca and Health-Now during which Seneca indicated that it "would rely on HealthNow to perform all necessary administrative functions," and "based on statements and indications, HealthNow assumed the responsibility of providing the required stop loss reports." Seneca's counsel, Scott Moore, testified to his own conversations with HealthNow employee Jerry Kraus, who was unwilling voluntarily to sign an affidavit, but "recall[ed] that Seneca Beverage wanted HealthNow to provide a service so that Seneca Beverage did not have to get into the middle of the claims process and the coordination of information to [Trustmark]," and that "there were internal discussions at HealthNow about how to provide the information."

In order to justify discovery under Rule 56(f), all that is required is for Seneca to point to potential facts that might raise an issue of material fact, that it has been unable to obtain without discovery. Seneca's affidavits meet this standard. Further discovery as to HealthNow's recollection of the negotiations may clarify the facts of this case, may refresh the recollections of Seneca's employees, and may lead to the discovery of relevant statements. Additionally, further discovery as to HealthNow's subsequent actions under the ASA—whether known to Seneca at the time or not—may illuminate the parties' contemporaneous understanding of that contract, and any surrounding negotiations. Maurey and Moore's testimony are sufficient to show that Seneca's requested discovery is no mere fishing expedition.

We therefore reverse the District Court's grant of summary judgment dismissing Seneca's common-law contract claim, without prejudice to subsequent renewal of the motion by HealthNow, and remand for further proceedings. Before

going further with discovery, the District Court should consider whether, Seneca's ERISA claim having been dismissed, it is appropriate to retain jurisdiction over this case.

For the foregoing reasons, and having considered all of the parties' arguments, we affirm the District Court's judgment as to Seneca's ERISA claim, we reverse the District Court's judgment as to Seneca's common-law contract claim, and the case is remanded for further proceedings consistent with this order.